A.J. Kung appearing for appellants. Good morning, Ms. Kung. Good morning, Your Honors. May it please the Court, I am A.J. Kung, and I am both counsel and appellant today. As set forth in my brief, this arises out of my motion to withdraw. I don't want to belabor the point that I made earlier. The brief was short, and Your Honors are always well read. Just to highlight, I was originally retained by Miomni Sports, Ltd., which is a U.K. company. They were brought into proceedings in the United States via an adversary action from another related bankruptcy in a matter entitled Miomni Gaming. As a result, they commenced liquidation proceedings under U.K. law. They have always been a U.K. corporation, though registered as a foreign corporation in Nevada. I was retained to commence a Chapter 15 proceeding, which I did in April of 2024. In mid-November, I was instructed by my clients, who were the liquidators and the foreign representatives, that they were winding down. They instructed me to terminate representation and withdraw from the case. In compliance with their instructions, I filed my motion to withdraw in order-shortening time. I reached out to opposing counsel in the adversary matter, who had no objection. That motion to withdraw was filed on November 26, 2024. The order-shortening time was never granted. A hearing was never set. On December 5th, I received an order from the court denying my withdrawal, and four days later, an order denying my request for order-shortening time. The order denying my withdrawal was short. I gleaned from that order that the reason that my withdrawal was denied was because the debtor entity did not seek to close the case, and there was no information provided for new counsel. The court sided to the one tradex case, which case stood for the proposition that once a case has been fully administered, it should be closed. I then reached out to my clients to ask permission to seek to close the case, notwithstanding the fact that I did not believe it was appropriate to seek to close the case because the matter had not been fully administered. The primary litigation that adversary was pending then remains pending now, still has not been resolved, and the UK liquidation proceedings had not been completed at the time that I sought to withdraw. Subsequently, the UK proceedings were completed in December 18th. The clients advised me that I was not authorized to seek to close the case, and as a matter of fact, they could not authorize me to take any further action, which led me with no further recourse but to file the appeal. Let me ask you, Ms. Kahn. The order denying your withdrawal as counsel was without prejudice, and certain things have happened, you know, UK matters done. You say your only recourse was to file the appeal. With the changed circumstances, couldn't you, without shortening time, file another motion asking the court to allow you to withdraw because the circumstances have changed, the UK matter is done, and point out to the court that you're not authorized to do anything more anyway, and so under the circumstances, and you're not authorized to ask for dismissal or closing of the case, but the court is free to do that if the situation justifies it. Well, Your Honor, my understanding of a dismissal without prejudice is yes, when facts change, a new motion can be filed. The adversary remains pending, Your Honor, and currently I'm in a conundrum because I remain counsel for an entity. Okay, but you have now, you've talked, certain changes have taken place. One, the UK matter is done, right? And the other piece is, since the order denying, when you went back and asked if you could close the case, your client has told you you can't do it. So you point out that you are in a conundrum to Judge Sprinker. You know, Your Honor, things have changed, that UK matter is not going, you'd like this other matter to be closed. I can't do that. I'm not authorized to do anything. With these changed circumstances, I need to get out. And you can say, Judge, you can order, you can cause an order to show cause why certain things shouldn't be closed or should be closed or should be dismissed. Or order, you know, your nonexistent client to get new counsel, you know, that shouldn't be on you. You know, we recognize that you're kind of in between a rock and a hard place here, Ms. Kong. But, you know, but the standard is abuse of discretion for overturning this order. And so, you know, tell me how Judge Sprinker abused his discretion in saying that a legitimate reason for not letting lawyers to get out of cases for entities is because there's nobody to step in. You know, give us an abuse of discretion. Your Honor, I would respectfully disagree with the conclusion. I agree that it is an abuse of discretion. I believe that it was an abuse of discretion for Judge Sprinker to require me to seek to close the case. I don't think that was an appropriate condition of a motion to withdraw. It is not required by the rules. The case was not fully administered. Had it been fully administered, perhaps the fact would have changed. And I understand the comments of Judge Kovic. Let's assume you're right. That was a mistake. That judge shouldn't have said condition your withdrawal on dismissal of the case. Okay. The judge could also have denied it for other grounds. And so we don't have to have, I mean, it could be wrong on one but right on the other. And if he's right on the other, then we don't get to reverse him either. I'd like to address the other grounds, Your Honor. There were two grounds set forth in this very short order. The first was, and again, it wasn't that the order did not state this is why it was denied. So all I can do is glean from the judge's words why it was denied. Save for us. Yeah. The first one I've addressed was it seemed as though the judge was requiring me to seek closure of the case, which for the reasons I've now addressed, I did not believe was appropriate. The fact that facts have changed does not retroactively fix the actions that were wrong at the time they were taken. So though I respect the position of Judge Corbett that I can file a separate motion, that's not why we're here today. We're here today, as Your Honor has aptly noted, to determine if there was an abuse of discretion. With regards to the second rationale that I gleaned from the order, that was that no information for new counsel was provided. Now, I understand that corporations in the state of Nevada may only be represented through counsel and cannot act for themselves. However, that is not a criteria required for withdrawal. And in many cases, clients proceed without further representation, even though they are a corporation. What the court normally does is enter an order to show cause that if they don't have counsel appear, the case will then be dismissed or other sanctions will issue. That is what I'm used to seeing. That is what typically happens. And I think, Your Honor, hit the nail on the head that it's not on me. It is not an obligation imparted upon me by any rule or any case law that I have to make sure that my corporate counsel retains new counsel. That's their decision, and the court can take whatever appropriate steps necessary if my client does not choose to do so, including dismissal of the case or any other appropriate sanctions. Help me with the timeline here, okay? You were directed to close the case. Let's assume that that is in Judge Spraker's order. Subsequently, isn't it right, subsequently to you being directed to close the case, you were told by your client not to do anything? That not to do anything came after the order? Yes and no, Your Honor. As set forth in my original declaration in my motion to withdraw, my client had instructed me not to do anything further at the time he asked me to withdraw. I then reiterated, hey, I did not get this motion granted. The judge seems to want me to take this additional action. Am I allowed to do so? And they said no. We advised you previously you were to take no further action. So it's fair to say they confirmed it. They confirmed that, you know, so, I mean, that point, again, you talked about the only way to do this was on appeal. But going back and saying, reading between the lines, Judge Spraker, you've asked me to do certain things. I can't do those things. That's been confirmed. Under the circumstances that, with the U.K. matter done, I can't do anything this. I have to answer to my client. I also have to answer to you. My client says I can't do anything that you've asked me to do. Under these changed circumstances, I need to step out of this case. And, Your Honor, under those circumstances where you have a corporate entity that refuses to hire somebody else and refuses to let their attorney do anything, Your Honor, you have discretion to do an order to show cause why this case shouldn't be dismissed. And the circumstances have changed such. Isn't that something you could do even if we affirmed? I agree with what you were stating, Your Honor. I don't think that's the appropriate question before the panel. The appropriate question is not what else could I have done, what maybe else I should have done. I'm just looking at the effect of our order. If we find that on one ground or another, Judge Spraker did not abuse his discretion, and so you lose here, I was noodling in my mind, what is the effect of such an order? I have similarly noodled, Your Honor. And I don't know. I could continue to – I'm outside of the timeline of a motion for reconsideration, clearly. I could file another motion to withdraw, but the facts have not changed. So the law of the case – I think the facts have changed. I think confirmed again, you know, the judge said you have to stay in. You go back to your client with those changed circumstances, and the client says it doesn't matter to us. We're confirming you can't do anything, okay? So in spite of Judge Spraker's order, we know you can't do anything. How can you stay in this case if it's been confirmed that you can't do anything? And the other piece is that the U.K. matter has been resolved. Those are significant changes in my mind. Respectfully, Your Honor, I disagree. I think that's a distinction without a difference. The fact that my client told me something and subsequently confirmed the same thing that he told me doesn't change the fact that he told me something, and that fact remains. The question, again, we're looking at is whether or not it was an abuse of discretion for Judge Spraker, who I respect greatly as a judge, to deny my withdrawal, first, without setting a hearing, second, despite the fact that there was no opposition, third, based upon the fact that he cited to a case that holds that when a case is fully administered, it should be closed, fourth, based upon the fact that this case was not fully administered, and fifth, based upon the fact that he required me to provide replacement counsel information, which is not incumbent on me to do, which I cannot do, and which is not required. So the question before the panel, Your Honor, is did Judge Spraker abuse his discretion in granting an order without any hearing, without any further briefing, sua sponte, and putting conditions on my withdrawal, which are not conditions under any case law or any rule? Is there another possibility that we remand to Judge Spraker to have a hearing? You said that one of the reasons why he abused his discretion was that he didn't give you a hearing. Is a hearing required? Let me just ask that question of Frank. Don't judges waive hearings or dispense with, you know, make rulings without having a hearing? A hearing isn't required, is it? Well, when it is fully briefed, the court is absolutely entitled to take it under advisement under the pleadings. I have never seen a situation where a motion was filed and denied before any opposition deadline had run. I have never seen a I've never seen the situation. So, Your Honor, you would know better than me. I have seen matters that are fully briefed and the court will issue an order in chambers saying we don't believe a hearing is necessary. I have had ex parte or not ex parte, but motions to withdraw granted in chambers. I have never had one denied under this scenario, especially if the judge had further questions or instructions. I believe it was incumbent on the judge to set a hearing if he was going to deny it. It might have been better. I think we all can agree. It might have been better if he had held a hearing because then you folks could have tried to problem solve during the hearing with the situation. Whether that's an abuse of discretion is a different question. Ms. Kung, refresh my recollection on the record here. In your motion, in the pleadings that were given to Judge Spraker, was it disclosed that you were told by your client to do nothing? It was. It was in the declaration that I had been instructed to take no further action and withdraw as counsel. Unless your honors have any further questions for me? I don't. Anybody else? No. All right. Thank you very much, Ms. Kung. The matter is submitted. Thank you for your time.
judges: Brand, Corbit, and Niemann